Ranney, J.,
dissenting.
I am of opinion that the court of common pleas erred in instructing the jury that the act under which the subscription of stock was made, and the tax assessed, continued in force and warranted those proceedings, after the present constitution of the state had taken effect; and that for this cause the judgment should bo reversed. My reasons for holding the act inconsistent with the constitution, and repealed by it, are given at length in the case of Cass v. Dillon, decided at the present term.
I am also of opinion that the assent of the electors was not obtained in the manner required by the law, before the subscription was made ; the road not having been located through the county when the vote was taken, and that the running of several experimental lines, without a selection of either, thereby exciting the hopes and expectations of the electors in the vicinity of each, was not only a palpable violation of the policy of the provision requiring a location to precede the vote, but a direct fraud upon the electors and the law itself.
But if the law had continued in force, I should think with the majority of the court, that the case of Loomis v. Spencer is a positive authority for saying that the treasurer could not be made responsible for the fradulent and illegal conduct of others, over whom he had no authority or control; and that he was not bound in such ease to look beyond his duplicate.
*Ho is in no sense, the representative of the county into whose possession the money has gone, and having done nothing more than his duty, he should not be made personally liable.
There is not the least reason for holding the payment to have been voluntary. The treasurer had apparent authority, without suit or action, to seize upon the plaintiff’s property; and under such circumstances he might well pay the money under protest, as he did, to prevent it. It was expressly held in Mays v. Cincinnati, 1 Ohio *564 St. 278, that the payment will “ be considered involuntary when it is made to procure the release of the person or property of the party from detention, or when the other party is armed with apparent authority to seize upon either, and the payment i^ made to prevent it.”
Caldwell, J., also dissented.